IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | | |
|---|---|---|---|
| United States of America, | ) | No. | CR 04-0436-PHX-SRB |
| | ) | | CIV 04-2284-PHX-SRB (DKD) |
| Plaintiff/Respondent, | ) | | |
| | ) | | |
| vs. | ) | **REPORT AND RECOMMENDATION** | |
| | ) | | |
| Delfino Gordillo-Porras, | ) | | |
| | ) | | |
| Defendant/Movant. | ) | | |
| | ) | | |
| | ) | | |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Delfino Gordillo-Porras filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 28, 2005 (Doc. #23). He raises five grounds in his motion:   1) that counsel was ineffective by failing to raise claims under *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 125 S.Ct. 738 (2005) , and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005); 2) that counsel was ineffective due to a conflict of interest because he had too many clients; 3) that counsel was ineffective by failing to claim that Gordillo-Porras' sentence was disparate in comparison with twenty others in his group who received sentences of six or eight months; 4) that appellate counsel was ineffective by failing to raise the foregoing issues;[1] and 5) that the Court should stay the assessment because Gordillo-Porras is unable to pay $5.25 each month.  The Government contends that 1) Gordillo-Porras expressly waived his right to challenge his sentence in his

---

[1] Because Gordillo-Porras did not file a direct appeal, he had no appellate counsel.

plea agreement; 2) he has failed to establish ineffective assistance; and 3) his fifth claim is precluded by his failure to raise it on direct appeal. Because the Court finds that Gordillo-Porras has waived his right to collaterally attack the length of his sentence, and the ineffective assistance claims made in his motion do not implicate either the voluntariness of the plea or the voluntariness of the waiver of the right to collaterally attack his sentence, it recommends that Gordillo-Porras' motion be denied.

On April 27, 2004, Gordillo-Porras pleaded guilty to Re-entry after Deportation, a violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2). On July 26, 2004, he was sentenced to a term of 30 months, followed by two years of supervised release, and ordered to pay a special assessment of $100. Because Gordillo-Porras' criminal history included a conviction for drug trafficking for which the sentence exceeded thirteen months, his offense level was 24, and a Category III criminal history. However, pursuant to the plea agreement, the sentencing judge subtracted three levels for acceptance of responsibility and four levels under the early disposition program, for an offense level of 17 with a criminal history category of III, with a sentencing range of between 24 and 63 months (Doc. #14 at 3). The district court sentenced Gordillo-Porras to a 30-month term, at the lower end of the sentencing range. As part of the plea agreement, Gordillo-Porras waived *inter alia* "any right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack," provided that the sentence imposed was consistent with the agreement (*Id*. at 5).

The Government argues that Gordillo-Porras expressly waived his right to file a § 2255 petition as part of his plea agreement. Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). In addition, the Government concedes that the Ninth Circuit

1  has expressed doubt that a defendant, by entering into a plea agreement, could waive certain
2  claims of ineffective assistance of counsel brought pursuant to a § 2255 motion,
3  notwithstanding an express plea waiver that covered all of a defendant's waivable statutory
4  rights to file a petition pursuant to § 2255 challenging his conviction or sentence. However,
5  those claims which are not waivable are limited to ones either challenging the knowing and
6  voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *See United
7  States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United States v. Pruitt*,
8  32 F.3d at 433.[2] None of Gordillo-Porras' ineffective assistance claims implicate either the
9  voluntariness of his waiver or of the agreement itself. Therefore, the Court recommends that
10 the unambiguous terms of the agreement be enforced and that Gordillo-Porras' motion be
11 denied.

12 **IT IS THEREFORE RECOMMENDED** that Delfino Gordillo-Porras' Motion to
13 Vacate, Set Aside or Correct Sentence be **DENIED** (Doc. #23).

14 This recommendation is not an order that is immediately appealable to the Ninth
15 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
16 Appellate Procedure, should not be filed until entry of the district court's judgment. The
17 parties shall have ten days from the date of service of a copy of this recommendation within
18 which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72,
19 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
20 which to file a response to the objections. Failure timely to file objections to the Magistrate
21 Judge's Report and Recommendation may result in the acceptance of the Report and
22 Recommendation by the district court without further review. *See United States v. Reyna-*
23 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual

---

[2] The Ninth Circuit recently held that other circuits' reasoning regarding the unenforceability of § 2255 waivers with respect to an IAC claim that challenges the validity of the waiver itself applies "with equal force" to § 2254 cases. *See Washington v. Lampert*, __ F.3d __, 2005 WL 2126606 (9th Cir., September 6, 2005).

1 determinations of the Magistrate Judge will be considered a waiver of a party's right to
2 appellate review of the findings of fact in an order or judgment entered pursuant to the
3 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of September, 2005.

_____
David K. Duncan
United States Magistrate Judge